STATE OF NORTH CAROLINA
v.
CHRISTOPHER PONE.
No. COA08-656
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Roy Cooper, Attorney General, by Hilda Burnett-Baker, Assistant Attorney General, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
MARTIN, Chief Judge.
Defendant was convicted by a jury of possession with intent to sell or deliver a controlled substance pursuant to N.C.G.S. § 90-95(a)(1), and of possession of a controlled substance on the premises of a penal institution pursuant to N.C.G.S. § 90-95(a)(3), (e)(9). Defendant subsequently pled guilty to having attained the status of a habitual felon. From a judgment imposing an active term of imprisonment, defendant appeals.
Sergeant Clifford Dailey testified that in June 2007 he was employed as a correctional officer at Sampson Correctional Institution, where defendant was incarcerated. Defendant was assigned to bed eighteen in "Dormitory 2." Sergeant Dailey explained that the "sleeping area" of the dormitory contained" military-style bunk beds" and that all inmates assigned to the dormitory had access to all beds in the sleeping area. At 1:30 a.m. on 15 June 2007, Sergeant Dailey and correctional officer Emanuel Moten performed a "shakedown" search of defendant. After Sergeant Dailey strip-searched defendant, Officer Moten searched defendant's bed. Sergeant Dailey testified that, as Officer Moten pulled defendant's pillow out of its pillowcase, he saw two "plastic bundles" containing a green, leafy substance fall to the floor. Officer Moten offered essentially the same testimony. A chemist at the State Bureau of Investigation testified that the substance was marijuana.
Defense witness Joseph Littlejohn testified that he was incarcerated in the dormitory with defendant on 15 June 2007 and that he "planted" the marijuana under defendant's pillow in an attempt to take over a card game which defendant controlled. Littlejohn further testified that, after the officers discovered the marijuana, he wrote and signed a letter in which he acknowledged placing the drugs in defendant's bed. Littlejohn identified a letter shown to him by defense counsel as the letter he wrote. The letter, dated 22 July 2007, stated as follows:
I Joseph Littlejohn #0243494 Would like to write this statement in Chris Pone behalf. Concerning the marijuanai [sic] that was found in his pillowcase. It's been on my conscious [sic] what has happened to this man, Not for something he Never Done. But for something I Done. and I can't see myself doing this to a inosent [sic] Person. I put that marijuanai [sic] in Chris Pone Pillow case and dropped a Letter to have him searched. So he could be locked up and I take over the card game's [sic] Chris Pone owned. So me and my crew could eat to [sic]. this was the only way we could get the games, again, I confess to setting this man up[.] I will come before the courts to prove this man is Not guilty of this. I done the crime. I went to Chri[s] Pone Bed and put the marijuanai [sic] in his pillow.
Defense counsel marked the letter as an exhibit but never formally sought to have the letter admitted into evidence.
On cross-examination, the prosecutor questioned Littlejohn about the letter as follows:
MR. WEDDLE: Mr. Littlejohn, would you agree with me that it was your testimony that you wrote this letter; is that correct?
THE WITNESS: Yeah.
Q. Isn't it true that the DOC number was filled in later on?
A. Oh, naw; I filled it in. I put it  I wrote it just like that right there.
. . . .
Q. But isn't it true that basically looks as if it was filled in later?
A. No. I wrote that strait [sic] out just like that.
. . . .
Q. Well, isn't it true somebody else wrote this letter for you and you just filled in your number later?
A. No way possible.
. . . .
MR. WEDDLE: Your Honor, can I have him step off the stand and to [sic] show the jury what I'm talking about?
THE COURT: Yes.
MR. WEDDLE: If you would step down, please. You can step down right here, Mr. Littlejohn. (The witness steps from the witness stand.)
Mr. Littlejohn, would you agree with me that the number right (indicating) there looks a little different from the rest of the handwriting; don't you?
THE WITNESS: That's my handwriting.
. . . .
MR. WEDDLE: Sir, isn't it true  doesn't it look as if that was written later on? It doesn't look like the rest of the writing; does it?
THE WITNESS: I mean, it might not to you but that's how I write, so I'm not going to say that.
MR. WEDDLE: If you can  you can come down to this end, please. (The witness complies.)
THE WITNESS: Okay.
MR. WEDDLE: And this (indicating) is what I'm talking about; that's what I was asking you about right (indicating) there; correct?
THE WITNESS: Yeah; true enough.
The letter was not formally admitted into evidence.
During the jury's deliberations, it asked to examine Littlejohn's letter. The State argued that the jury should not be allowed to examine the letter because it was not admitted into evidence. Defense counsel acknowledged that the letter "wasn't admitted" and stated, "[E]ven though they can't review it and actually see it, . . . I do  I want them to understand they can consider it." (Emphasis added.) The trial court instructed the jury as follows: Ladies and gentlemen of the jury, there was not a written statement actually admitted into evidence, therefore, because the actual written statement was not admitted into evidence, I cannot allow you to look at that statement.
Defendant did not object to the court's instruction or ruling.
Defendant's sole argument on appeal is that the letter was admitted into evidence during the State's cross-examination of Littlejohn and that the trial court committed reversible error in failing to exercise its discretion in considering the jury's request. Citing State v. Ashe, 314 N.C. 28, 39-40, 331 S.E.2d 652, 659 (1985), defendant argues that "[t]his issue is preserved for normal appellate review without objection by [defendant] as a violation of the statutory mandate contained in N.C. Gen. Stat. § 15A-1233." We disagree.
In Ashe, the jury foreman returned to the courtroom while the jury was deliberating, whereupon the following exchange took place:
THE COURT: Mr. Foreman, the bailiff indicates that you request access to the transcript?
FOREMAN: We want to review portions of the testimony.
THE COURT: I'll have to give you this instruction. There is no transcript at this point. You and the other jurors will have to take your recollection of the evidence as you recall it and as you can agree upon that recollection in your deliberations.
Ashe, 314 N.C. at 33, 331 S.E.2d at 655-66. Defendant argued on appeal that "the trial court erred in failing to exercise its discretion in determining whether the jury could review the evidence." Id. at 33, 331 S.E.2d at 656. In response, the Stateargued that defendant "waived the right to appeal on this issue by his failure to object at trial." Id. at 39, 331 S.E.2d at 659. The Supreme Court rejected the State's argument, concluding that defendant's "failure to object" was not fatal to his right to raise the issue on appeal. Id.
There is a significant difference between the defendant's "failure to object" to the trial court's instruction in Ashe and defendant's express, affirmative approval of the trial court's instruction in the case at bar. Defendant in this case specifically advised the trial court that the court's instruction to the jury was correct. Under these circumstances, defendant will not be heard to complain on appeal. N.C. Gen. Stat. § 15A-1443(c) (2007) ("A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct."); see also State v. Gay, 334 N.C. 467, 489, 434 S.E.2d 840, 852 (1993) (observing "that a defendant may not decline an opportunity for instructions on a lesser included offense and then claim on appeal that failure to instruct on the lesser included offense was error"); State v. Williams, 333 N.C. 719, 727, 430 S.E.2d 888, 892 (1993) (concluding that any error in the trial court's refusal to instruct on a lesser included offense was "invited by defendant, who expressly requested that such an instruction not be given").
NO ERROR.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).